Joseph Carmouche, Administrator, et al. *v.* Cydalise Carmouche et al.

A donation of a slave with the reservation of the usufruct to the donor, during his life, is radically null.

APPEAL from the District Court of Avoyelles, *Ogden*, J.

*Barlow & Wuddill*, *F. Cannon* and *W. E. Cooke*, for plaintiff. *H. & S Taylor*, for defendants and appellants.

Spofford, J. In 1831, *Clément Carmouche*, ancestor of the plaintiffs, made a donation *inter vivos*, to his daughter *Cydalise*, (one of the defendants,) of his slave *Hélène*, then aged about thirty years. This donation was made with the reservation of the enjoyment or usufruct of the slave to the donor, for the term of his life.

Four or five years after the date of this donation, *Hélène* gave birth to a child named *Claire*, also a defendant in this suit.

*Clement Carmouche*, died in 1854; *Hélène* always remained in his possession as his slave. *Clair* grew up in the same cabin with her mother, and remained in the possession of *Clément Carmouche*, until about the period of his death. She did light work about the house. The evidence concerning her treatment is somewhat contradictory. Some of the witnesses speak of her as *Carmouche's* slave, although indulged as a house servant; whilst others say, she was treated as a free person, and spoken of in the family as free.

But we think it clear, upon the whole, that she never enjoyed absolute freedom at any rate, until shortly before the death of *Carmouche*. She was born a slave; she lived with a master, who had and exercised, occasionally at least, the right of controlling her. The donation of her mother to the defendant, *Cydalise Carmouche*, was radically null. C. C. 1524; *Dawson* v. *Holbert*, 4 An. 36; *Haggerty* v. *Corri*, 5 An. 433. As it conveyed no title to *Cydalise*, the latter had no power to emancipate *Claire*, which she attempted to do by selling her to herself on the 17th October, 1853.

The attempt of *Clair* to buy herself, shows that she did not then consider herself free. This transaction was a palpable effort to evade the law which restricts the right of manumission. In the January preceding, *Clément Carmouche* had applied to the Police Jury of his parish for permission to emancipate *Clair*, which was refused. He undoubtedly desired and intended to give her her freedom, but it has never been lawfully accomplished. The District Judge thought that she could not invoke the prescription established by the Article 3510 of the Code, until she attained the age of thirty years, as the Article 185 prohibits the emancipation of slaves under that age. However this may be, we find that she has not been in the enjoyment of her liberty adversely to her master, for the space of ten years prior to the institution of the suit, and that the master had not lost possession of her from her birth, for any period up to a short time before his death.

The action is not, therefore, barred. C. C. 3510.

Judgment affirmed.