## J. M. TILLMAN *v.* CLEMENT MOSELY.

A party is not concluded by his declaration of residence in an act of conveyance, and evidence is admissible to contradict the recital, when the domicil is not one of the' causes of the contract.

It is necessary to give validity to a deed of gift made in another State, but designed to have effect in Louisiana, that it should be clothed with the formalities required by our law, and its effect will also be governed by the laws of Louisiana.

A donation under our laws is not valid, when the usufruct of the property donated is reserved to the donor.

APPEAL from the District Court of the Parish of Claiborne, *Eagan, J.* *W. C. Copes,* for plaintiff and appellant. *J. Young,* for defendant.

BUCHANAN, J. The first question to be decided in this case is, whether the District Court erred in admitting testimony to prove that defendant was a resident of Louisiana at the date of the conveyance to plaintiff, which is the basis of this action ; the said deed of conveyance reciting that defendant was " of said county and State above named," Perry county, State of Alabama.

The evidence was properly admissible under the doctrine in *Davis* v. *Binion,* 5 An. 248. The recital in question, in the deed of conveyance, was not one of the causes of the contract.

The present case differs from those of *Holloman* v. *Holloman,* 12 An. 607, and *McCall* v. *White,* 10 An. 577, in this, that the contract between the present parties, although made in Alabama, was intended to have effect in Louisiana. Its effect must, therefore, be governed by the laws of Louisiana. Civil Code, Article 10.

It is a donation of negroes and their increase by defendant to plaintiff, and is revoked, up to the disposible portion, by the subsequent birth of three legitimate children to the donor. C. C. 1556.

The evidence shows, that the slaves in question constitute the greater part of the estate of the defendant.

Neither is this donation clothed with the formalities required by Articles 1523 and 1529 of the Civil Code, to give it validity, and to make it binding upon the donor, in Louisiana.

Lastly, it is bad, under the Article 1520 of the Code, because the usufruct of the property donated, is reserved to the donor. 12 An. 721 ; 5 An. 433 ; 4 An. 36.

Judgment affirmed, with costs.