Strausse vs. Elliott, Sheriff, et al.

## No. 10,781.

### JULIA AND FLORENTINE STRAUSSE VS. J. M. T. ELLIOTT, SHERIFF, ET AL.

Use is a limited and a veritable usufruct, except as to the extent of the enjoyment of the thing given.

Use and usufruct are established and lost in the same way.

Use is included in the definition of usufruct.

The reservation in a *donation* of the "use and occupancy" by the donor of the thing given is in violation of the prohibition contained in Article 1533, C. C.

APPEAL from the Tenth District Court, Parish of Red River. *Hall, J.*

*J. F. Pierson* for Plaintiffs and Appellees:

The reservation by the parents in an act of donation *inter vivos* made to the minor children of their marriage of the "use and occupancy" of the immovable donated is not a reservation of the "enjoyment and usufruct," under C. C. 1533.

There are three kinds of personal servitude: usufruct, use and habitation. C. C. 646.

Usufruct defined to be the "enjoyment" of property. C. C. 533.

Enjoyment used to signify usufruct. C. C. 223.

Use defined. C. C. 626.

Habitation defined. C. C. 627.

Usufruct and use distinguished. C. C. 633, 634, 638; see 640, *et seq.*

The prohibition against the reservation of usufruct in C. C. 1533, does not apply to donation by parents to the minor children of their marriage, because parents have the usufruct of such property by C. C. 223.

*J. C. Pugh, J. C. Egan* and *Scarborough & Carver* for Defendants and Appellants:

1. A donation is without effect until it is accepted by the donee. C. C. 1540, *et seq.*

2. The donor can not act as agent of the donee, and as such agent accept the donation.

3. In a donation of a dwelling house and its appurtenant out-houses, the reservation by the donor of the "use and occupancy" of the property during his pleasure, is a reserve of the "enjoyment" of the property in the sense of C. C. 1533, and such donation is an absolute nullity. C. C. 1533; 4 An. 37; 15 An. 585; 5 An. 433; 11 An. 705; 12 An. 721; Anderson's Dictionary of Law, *verbi* "use" and "enjoyment."

The opinion of the court was delivered by

McENERY, J.   The plaintiff's, minor children of Reuben and Theresa Strausse, claim to be owners of certain immovable property donated by act *inter vivos* to them by their parents.

The act of donation contains the following reservation:   "That their possession and use of the storehouse and the warehouse thereto annexed shall be subject to the lease this day made to Adolph Stern for the period of two years from and after the 1st day of January, 1884; and their use and occupancy of the dwelling house thereon including, new and old, and the out-buildings and cleared land, shall be subject to the use and occupancy of the donor and his wife, Theresa, during their pleasure, and without any charge therefor."

Strausse failed in business, so it is stated in the brief, but does not appear in the record, and Martinez and Ross, judgment creditors of Strasse, seized the property donated to said minors as the property of Strausse.   The minors enjoined the sale of the property, claiming title by virtue of the act of donation to them passed before D. A. Hayes, notary public, on 28th December, 1883.

The defendants allege that in consequence of the reservation of the usufruct, the donation being in contravention of a prohibitory law is absolutely null and void.

Article 1533 Civil Code says:   "The donor is permitted to dispose for the advantage of any other person, of the enjoyment and usufruct of the immovable property given, but can not reserve it for himself."

The word "use and occupancy" employed in the act of donation are equivalent in meaning to "use and habitation" as used in Title III, Chapter 2 of the Code.

*Use* and *habitation* are treated under the Title of Usufruct in the Civil Code.

There is a difference in the law in some instances which is applied to *use* and *usufruct*, because of the different degree in the enjoyment of the thing held by the usufructuary and the user.

Use is distinguished from the usufruct in this that while usufruct carries the right to enjoy all the fruits and revenues which the property subjected to it can produce, use consists in taking only from the fruits of the property the portion which the user can consume, such as is necessary for his person or regulated by the title; the surplus belongs to the owner of the property.   Domat. Title XI, Sec. 11, Art. 1.

Use is a limited usufruct for the needs of the user, and it is a veritable usufruct except as to extent of enjoyment.

They are both established, and lost in the same way. The user must, like the usufructuary, give security, make statements and inventories. He is bound to enjoy like a good father of a family. He is subject to the costs of cultivation, to those of keeping in repair, to the payment of contributions. There is a difference between the two rights only as to their extent. The usufructuary has the right to enjoy all sorts of fruits, while the user can require only such as are necessary for himself and family. Demolombe, Title X, p. 713, No. 752; Laurent, Vol. 7, p. 118, No. 102; Civil Code, Title III, Chap. 1, Secs. 1, 2, 3, 4, 5, Chap. 2.

Habitation is governed by the same principles in the Code that apply to use. Laurent, Vol. 7, Chap. II, No. 102.

Use is included in the definition of usufruct, in Article 533 C. C., and in the meaning of the prohibition in Article 1533 C. C; Laurent, Vol. 7, p. 119, No. 103.

Article 1468 of the Civil Code is as follows: "A donation *inter vivos* (between living persons) is an act by which the donor divests himself at present and irrevocably of the thing given, in favor of the donee who accepts."

The exception to this in the Code Napoleon, Article 949, permitted the donor to reserve to himself "the enjoyment or usufruct of the immovable property given."

This exception, when said article was adopted in the Louisiana Code, was stricken out. Article 1468 was then left without any exceptions to its provisions. If the use and habitation reserved by the donor was not a usufruct, and not embraced in said article as contended by plaintiffs in injunction, there is not now, nor was there ever any exception, relieving it from the effect of Article 1468. The only reason that could have brought it within the exception or Article 949, Code Napoleon, would have been to treat it as a limited usufruct.

The striking from the article the exception, in the adoption of the present Article 1533 could not then create an exception in favor of a right that never existed.

Plaintiffs' claim can not prevail, whether use and habitation be considered as a limited usufruct, or whether it does not belong to that class of servitudes.

There is an agreement that the injunction may be dissolved without damages.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and annulled and reversed, and it is now ordered that the injunction issued herein be dissolved without damages, and plaintiffs' demand be rejected at cost of plaintiffs.

Watkins, J., recuses himself.