21 So.2d 761

**CREECH et al. v. ERRINGTON et al.**

No. 37157.

March 26, 1945.

Cawthorn & Golsan, of Mansfield, for plaintiffs-appellants.

Craig & Magee, of Mansfield, for defendants-appellees.

HAWTHORNE, Justice.

This suit was filed by Josh W. Creech, Eula C. Ritch, wife of E. T. Ritch; John Henry Creech, J. Noble Creech, Ada C. Jones, wife of James Perry Jones, and Willie C. Andrews, wife of W. A. Andrews, heirs of James M. Creech, against Errise B. Errington, Daisy Errington, wife of Leo Tiller, and Albert Errington, heirs of Mrs. Bena Lester Creech, to have declared null and void and of no effect a certain purported deed from James M. Creech to Mrs. Bena Lester, dated January 31, 1924, recorded in Conveyance Book 69, Folio 260, of the records of DeSoto Parish, Louisiana, as corrected by, and including, the correction deed between the same parties (the grantee in said correction deed, however, being named Bena Lester Creech), dated June 30, 1924, recorded in Conveyance Book 70, Folio 156, of the records of said parish, and to have said instruments cancelled and erased from the records.

To this petition defendants filed an exception of non-joinder, and thereafter one Janie Lou Creech, a non-resident minor

heir of James M. Creech, was made a party defendant.

Plaintiffs allege that they, together with the minor Janie Lou Creech, are the forced heirs of James M. Creech and Mollie Williams Creech; that the said Mollie William Creech died intestate on November 20, 1922, and that the said James M. Creech contracted a second marriage on January 31, 1924, to one Bena Lester, and that of this second marriage no children were born; that the said Bena Lester Creech by a prior marriage had three children, named as defendants herein, all of whom survived her, she having died intestate on October 12, 1939, and that these three defendants were her only children and her forced heirs; that James M. Creech died intestate on September 12, 1941.

Plaintiffs allege that said purported deed is null, void, and of no effect for failure and lack of consideration for the granting and execution thereof; that said instrument shows a paid consideration of $5700, when in fact no consideration whatsoever was paid or given to, or received by, the grantor.

Plaintiffs allege in the alternative that the purported deed, together with the correction thereof, though disguised in the form of a deed, constitutes a donation, and that on its face the said instrument contains a reservation in favor of the grantor of a usufruct over the property donated, and that therefore said purported instrument, with the correction thereof, is an absolute nullity.

The petition sets up several other alternative pleas, which we do not deem it necessary to mention under the view which we take of this case.

Defendants filed answer denying the nullity of the instrument in question but admitting that the cash consideration of $5700 shown on the instrument was not paid at the time of its execution. They further admit that said instrument, as corrected, although in the form of a deed, was in truth and in fact a donation, but deny that same contains a reservation in favor of the grantor of a usufruct over the property donated.

In the lower court the case was submitted on the pleadings and a written stipulation of facts, which is filed in the record. After trial, judgment was rendered in favor of the defendants, recognizing as good and valid as a donation the act of sale described hereinabove and the correction thereof, and in favor of plaintiffs and the defendant Janie Lou Creech, and against the other defendants, in solido, in the sum of $131, with 5 per cent per annum interest from the date of judgment until paid, this being the amount the said donation exceeded the disposable portion of the estate of James M. Creech.

From this judgment plaintiffs appealed devolutively to this court.

The pertinent facts set forth in the stipulation are as follows: The act of sale was executed by James M. Creech and Mrs. Bena Lester before P. G. R. Bell, notary public, and witnesses, on January 31, 1924, before the marriage on that same date of Mr. Creech and Mrs. Lester, and said instrument was corrected by the parties on June 30, 1924. (This correction deed shows

on its face that it was executed for the sole and only purpose of correcting an error in the description of the property covered by the originial act.) James M. Creech was married twice, the first time on August 5, 1884, to Mollie Williams, who died intestate on November 20, 1922, and the second time to Mrs. Bena Lester on January 31, 1924. The plaintiffs herein, together with the minor Janie Lou Creech, are the sole and only forced heirs of the said James M. Creech, who died intestate on September 12, 1941, there being no children born of his marriage to Mrs. Bena Lester Creech. The original defendants herein are the children of Mrs. Bena Lester Creech by a prior marriage, and are her sole and only forced heirs, she having died intestate on or about October 12, 1939. The act of sale shows a consideration of $5700 paid, but in truth and in fact no consideration whatsoever was paid or given to, or received by, the grantor, and said instrument was in fact a donation.

The purported act of sale reads in part as follows:

" * * * this sale is made for and in consideration of the sum of Five Thousand and Seven Hundred and No/100 ($5,700.00) Dollars, cash in hand paid, the receipt of which is hereby acknowledged, and the further stipulations and agreements by and between the said James M. Creech and the said Mrs. Bena Lester, to-wit: That the said Mrs. Bena Lester, purchaser herein, does hereby constitute and appoint the said James M. Creech, her agent and attorney in fact, to have and control said property during his lifetime, collecting and dis-

bursing all income from said properties as may seem just and right to him. That in the event of the death of the said James M. Creech before the death of the said Mrs. Bena Lester, then this provision of this contract shall cease upon the date of the death of the said James M. Creech, and she, the said Mrs. Bena Lester, shall at once resume control of said properties with full rights of owner of the same. That in the event of the death of both the parties hereto, irrespective of which should be first deceased, then, and in that event, the above described properties shall be equally divided between the children of both parties hereto, or the heirs and assigns of such children. The above provision as to the control and division of this property is clearly and fully understood by and between the parties hereto, and is in full accord with the wishes and desires of said parties, and in affixing their signatures hereto they freely and confidently declare the same to be their wish and deed."

Counsel for defendants concede in brief that a donor may not, under the law, retain a usufruct in himself covering the donated property, but they say: "We submit that if the clause in question is treated as creating an agency it is within the law. If it is treated as a retention of usufruct, it is beyond the law."

The clause in question reads as follows: "That the said Mrs. Bena Lester, purchaser herein, does hereby constitute and appoint the said James M. Creech, her agent and attorney in fact, to have and control said property during his lifetime, collecting and disbursing all income from said properties

as may seem just and right to him. That in the event of the death of the said James M. Creech before the death of the said Mrs. Bena Lester, then this provision of this contract shall cease upon the death of the said James M. Creech, and she, the said Mrs. Bena Lester, shall at once resume control of said properties with full rights of owner of the same."

Article 533 of the Revised Civil Code defines "usufruct" as follows:

"Usufruct is the right of enjoying a thing, the property of which is vested in another, and to draw from the same all the profit, utility and advantages which it may produce, provided it be without altering the substance of the thing."

It is true that the donee in said purported act of sale stated that she constituted and appointed donor her agent and attorney in fact. But, although she used these words, did she actually constitute donor her agent and attorney in fact, or did said clause, interpreted with all other clauses in the act so as to give each the sense that results from the entire act, mean that it was the intent of the parties to reserve unto donor the usufruct?

The donation in question, when construed as a whole, certainly purports to vest the property described therein in the donee, Mrs. Bena Lester, but it provides that donor, James M. Creech, was to have and control the same during his lifetime. The right to have and control an immovable certainty constitutes the enjoyment thereof.

Webster's New International Dictionary defines the words "enjoy" and "have" as follows:

"Enjoy. To have, possess, and use with satisfaction; to occupy or have the benefit of, as a good or profitable thing, or as something desirable."

"Have. To hold in possession or control; to hold as property; to own; as he has a farm."

It therefore follows that the right in Creech, the donor, to have and control the immovable property in question certainly gave him the right of enjoying the same, or, in the language of the cited article of the Code, "the right of enjoying a thing."

Since we have concluded that Creech had the right of enjoyment of the thing, the property of which was vested in another, did he then have the right to draw from the same all of the profit, utility, and advantages which it might produce, provided that such right be without altering the substance thereof?

For donor to have and control said property during his lifetime, collecting and disbursing all income therefrom as it might seem just and right to him, means, in our opinion, that donor was to enjoy the property during his lifetime, with full power to collect or draw from the property all the profit, utility, and advantages which it might produce; or, in other words, to collect and disburse all income as might seem just and right to him, meaning the right to collect and disburse all income "as he may see fit" or to collect and then

disburse same to his own use, benefit and enjoyment, he being the sole and only judge as to what was "just" and "right."

It is also to be noted that the act provides that upon the death of the donor, Creech, the donee, Mrs. Lester, should at once resume control of the property with full rights of owner. To us this shows that it was the intention of the parties to place in Creech the right of ownership, with the necessary power to enjoy the property and to draw from it all the profit, utility, and advantages which it might produce, with the vested ownership in Mrs. Lester. For, if this is not so, what is the meaning of the words "resume control of said properties with full rights of owner"? To "at once resume control" certainly means in this case to recover the control, or to recover the enjoyment granted by her and retained by the donor.

We therefore conclude that the clause in question was the reservation of a usufruct, as that term is defined by Article 533 of the Revised Civil Code, quoted hereinabove.

Article 1533 of the Revised Civil Code provides that:

"The donor is permitted to dispose, for the advantage of any other person, of the enjoyment or usufruct of the immovable property given, but can not reserve it for himself."

Since we have reached the conclusion that the instrument in question, being in actual fact a disguised donation, reserved unto donor a usufruct over the immovable property donated therein, which reservation

is prohibited by the express provisions of the above quoted article of the Code, then what is the effect of such reservation on the entire act?

The jurisprudence of this state is well settled to the effect that such reservation of usufruct to a donor of immovable property renders the entire instrument radically null and of no force and effect. Dawson v. Holbert, 4 La.Ann. 36; Haggerty v. Corri, 5 La.Ann. 433; Davis v. Carroll, Pritchard & Co., 11 La.Ann. 705; Carmouche v. Carmouche, 12 La.Ann. 721; Tillman v. Mosely, 14 La.Ann. 710; Martin v. Martin, 15 La.Ann. 585; Straus v. Elliott, 43 La.Ann. 501, 9 So. 102; Fontenot v. Manuel, 46 La.Ann. 1373, 16 So. 182.

Therefore, under the well settled jurisprudence, the instrument attacked in this case is radically null and of no force and effect.

Counsel for defendants urge that the act in question created an agency, and that, when words in a written instrument convey one meaning in harmony with the law and another antagonistic to the law, they should be given the former construction, and furthermore that, when the language of an agreement is susceptible of two interpretations, it must be given the one in line with the intent of the parties. This undoubtedly is the settled law. But, in construing this act and in determining the intent of the parties, it is perfectly evident to us that they attempted and wanted to circumvent the law by setting up a usufruct in the donor under the guise of an

agency. This the law will not favor or permit.

For the reasons above assigned, it is ordered that the judgment of the lower court be, and the same is hereby, reversed, set aside, and annulled; and it is now ordered that the purported deed from James M. Creech to Mrs. Bena Lester, dated January 31, 1924, and recorded in the records of DeSoto Parish, Louisiana, together with the correction deed between the parties dated June 30, 1924, also duly recorded, be decreed to be null and void and of no force and effect, and the same are ordered cancelled and erased from the records of that parish. It is further ordered that appellees pay all costs.

HIGGINS, J., takes no part.