**BROWN LAND & ROYALTY CO., Inc. v. GREEN et al.**

Nos. 13688, 13826.

United States Court of Appeals Fifth Circuit.

July 18, 1952.

Rehearing Denied Sept. 2, 1952.

Robert G. Chandler, Shreveport, La., for appellant.

Charles H. Dameron, Baton Rouge, La., D. Douglas Howard, Marion J. Epley, Jr., New Orleans, La., Calvin E. Hardin, Jr., Baton Rouge, La., for appellees.

Before HUTCHESON, Chief Judge, and RUSSELL and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This suit was originally brought by the six children and sole heirs of Calvin E. Clark against Clifford H. Brown and Brown Land and Royalty Co., Inc. by petition filed in the state district court of Pointe Coupee Parish, Louisiana. It was averred that plaintiffs were owners and in possession of certain property in that parish and that defendants were slandering plaintiffs' title to such property by claiming to own certain mineral rights therein.

The cause was removed by defendants to the U. S. District Court for the Eastern District of Louisiana on the basis of diversity of citizenship. Thereafter, defendant Clifford H. Brown filed an answer disclaiming any interest in said property. Brown Land and Royalty Co., Inc., filed a counterclaim in which it assumed the status of plaintiff in a converted petitory action and asserted title to one-half of the oil, gas and other minerals under the property. It further brought in The Texas Company, appellee, as an additional party-defendant to the counterclaim, seeking thereby to obtain an accounting for one-half of the proceeds of the oil and gas being produced from the property.

Appellees, the Clark heirs, and The Texas Company, as their lessee of the property, filed a motion to dismiss the counterclaim for failure to state a claim upon which relief could be granted. The district court granted the motion without opinion, apparently on the theory that the pleadings and documentary exhibits in the record failed to show a title in Brown Land and Royalty Co., Inc., sufficient to sustain its burden as plaintiff in a petitory action.

The material facts, briefly stated, reveal that the property in suit was originally acquired by Calvin E. Clark, the common source of title of all parties, and that he died intestate on September 26, 1922. His six children were his sole heirs, and on September 30, 1922, they executed the so-called "donation" instrument to their mother, Marie M. Clark, the disposing portion of which reads as follows:

"Appearers further declare that they do hereby grant, give, and bequeath un-

to their mother, Mrs. Marie Clark, widow of their deceased father, Calvin E. Clark, all their interest in and to their father's property, both real and personal, for her use during the rest of her natural life.

"Appearers further declare that they do hereby empower and instruct their mother, Mrs. Marie Clark, to collect all accounts due said estate, to pay any and all indebtedness outstanding against same, and whatever balance may be on hand after liquidating said indebtedness, to be used by her as she may deem best in providing for her needs and requirements during the remainder of her natural life, leaving the property without a will at her death."

On October 15, 1943, Mrs. Clark joined with the heirs of Calvin Clark in the execution of a lease in favor of one G. L. Paret, which lease was subsequently assigned to The Texas Company and later released and cancelled of record. On October 9, 1944, Mrs. Marie Clark, together with the heirs of Calvin Clark and appellee, The Texas Company, executed what is termed by appellant as a "declaration of interests" or "division order" respecting the property which, according to appellants, recognizes Mrs. Clark as the owner of one-half of the minerals under the property. By that instrument, Mrs. Clark and the six Clark heirs "do declare and certify that we are the legal owners of the oil, gas and other minerals in and under the hereinabove described property which is held and covered by the hereinabove described lease and we agree, declare and authorize The Texas Company to pay any and all bonus money, rentals and/or royalties accruing under the terms of the hereinabove described lease in the proportions hereinbelow set forth, and that all payments so made shall fully protect said lease and The Texas Company as to the respective interests:

Owner          Fractional Interest
Marie M. Clark      ½ etc."

Thereafter, on November 25, 1947, Mrs. Clark purported to convey to Clifford Brown the disputed one-half mineral interest here in suit and Brown thereafter conveyed it to appellant, Brown Land & Roy-

alty Company, Inc. In the conveyance of Mrs. Clark to Brown, it was recited: "The herein Grantor is conveying her part of the community estate mineral interest in the above described 272 acres of land, more or less."

On May 18, 1948, the Clark heirs executed an oil, gas, and mineral lease to The Texas Company, under which lease oil is being produced. Mrs. Clark died in December, 1948. Oil production was obtained from the property in October of 1949 and this suit was filed in December of that year.

The points on which appellant, Brown Land and Royalty Company, Inc., relies are (1) that under Louisiana law, the so-called "donation" instrument of September 30, 1922, transferred to Mrs. Marie Clark, its predecessor in title, a fee title to the property, as distinguished from the transfer of a usufruct; (2) that it was a *bona fide* purchaser for value on the faith of the public records, having acquired the property in reliance upon the so-called "donation" instrument and the so-called "declaration of interests" or "division order"; and (3) that The Texas Company and Mrs. Clark and the Clark heirs having executed and recorded the "declaration of interests" dated October 9, 1944, and the Brown Company having relied thereon, that the Clark heirs and The Texas Company cannot now be heard to say that Mrs. Clark did not own one-half of the minerals under this property, and are consequently estopped to assert such claim.

The appellant concedes that, if successful, it "must recover upon the strength of its own title" and "that the proper disposition of this case depends upon the legal results flowing from the Donation dated September 30, 1922, and the Declaration of interests dated October 9, 1944." It concedes further "that under the law of Louisiana an instrument must be considered as a whole and any ambiguity therein must be construed against a donee."

The "donation" grants rights to Mrs. Clark "for her use during the rest of her natural life" and "to be used by her as she may deem best in providing for her needs and requirements during the remainder of her natural life, leaving the property without a will at her death."

■ This Court is not the final authority on questions of Louisiana land law and there would be little profit in our engaging in an extensive discussion of just when an instrument conveys a fee title and when it evidences the transfer of a usufruct only. It suffices to say that after carefully considering the authorities relied upon by the appellant [1] and those relied on by the appellees,[2] we are left under the clear conviction that the "donation" evidences the transfer of a usufruct only and not a fee title.

■■ Since the law fixed no particular division of rents or royalties as between a usufructuary and the owners of the fee, it was natural that The Texas Company for its own protection should insist upon a contractual division between Mrs. Clark and the Clark heirs, and this division was made in the so-called "declaration of interests" or "division order" in the proportion of one-half to the usufructuary and one-half to the Clark heirs. But the instrument nowhere recites that Mrs. Clark ever owned any undivided interest in such property. It neither conveyed title to Mrs. Clark nor recognized any title in her, but without undertaking to determine the separate title of each of the parties, merely fixed the division of royalties, if any, that might be obtained from the lease. What was actually divided in that instrument was the bonus money, rentals, and royalties accruing but not the title or ownership of the minerals, so that when the lease (to Paret assigned to The Texas Company) was cancelled the division order became a nullity.

Furthermore, Mrs. Clark's "community estate" purported to be conveyed to Clifford

1. Mainly Succession of Ledbetter, 147 La. 771, 85 So. 908; Succession of Hunter, 159 La. 492, 105 So. 596; Succession of Heft, 163 La. 467, 112 So. 301; Succession of Williams, 169 La. 696, 125 So. 858; Succession of Feitel, 176 La. 543, 146 So. 145.

2. Principally Gibson v. Zylks, 186 La. 1043, 173 So. 757; Creech v. Errington, 207 La. 615, 21 So.2d 761; Succession of Law, 31 La.Ann. 456, and Succession of Fertel, 208 La. 614, 23 So.2d 234.

Brown would not flow from either the "donation" or the "declaration of interests." It is conceded that Mrs. Clark had no community estate and that the property was acquired by her husband before their marriage. In any event, when the terms of the "donation" and of the "declaration of interests" are clearly understood neither of those documents could form the basis for the appellant to secure title either as a good faith purchaser or by way of estoppel against the appellees.

The judgment is affirmed.