### Peter O'Neal, Adm., *v.* Jane Oates.

An administrator has no right to claim from an heir the delivery and possession of property of which the heir became an undivided proprietor with his co-heirs on the death of the common ancestor; without suggestion, or proof that such property is necessary for the payment of the debts of the succession.

APPEAL from the District Court, Sixth District, *Robertson*, J.   *Herron* and *Gil*, for plaintiff and appellant.   *Dunn*, for defendant.

Dunbar, J.   This is an action instituted by *Peter O'Neal*, as administrator of the succession of *Nancy Oates*, to recover from the defendant a negro woman and child, which he avers to be the property of the estate, and hire for their detention.   The defendant pleads that she holds possession of these slaves as tutrix of her minor son, *William Thomas Oates*, issue of her marriage with *Henry Oates*, who was the son of *Nancy*.   That the said *Nancy* had in her life time divided her negroes amongst her children, and that to her son *Henry* she gave the slaves in controversy by way of advancement.   She specially denies the right of the administrator to take this property out of her possession.   That there are no debts to be paid ; that if there are, she is ready, on behalf of her child, to give security therefor, and that the heirs of *Nancy Oates* alone, by an action of Partition, have any right to call in question her child's title to the property.   There was judgment in her favor, and the administrator has appealed. The original ownership of the slaves by *Nancy Oates* is admitted, and the heirship of the minor child of the present defendant, by representation, is also conceded.   No proof has been offered, nor indeed has any allegation been made that the succession of *Nancy Oates* is in debt.   Under the circumstances the

appointment of an administrator seems to have been unnecessary.  Admitting,    O'NEAL
however, that it was, this Court held in the case of *Davis* v. *Davis*, 5th Annual,    *v.*
561, that the administrator of an estate has no right to sue an heir upon a debt    OATES.
due by him to the estate, and compel him to bring the money into Court, where
there is neither suggestion nor proof that it is necessary for the payment of the
debts of the succession.  So in like manner, neither has an administrator the
right to sue the heir for the delivery and possession of property, of which he
became an undivided proprietor with his co-heirs upon the death of the common
ancestor.  C. C., 1214.  It is a question to be settled amongst the heirs them-
selves on a partition of the estate.  From the evidence it would seem that
*Nancy Oates* divided her negroes amongst her children in her lifetime, and that
the present plaintiff, who was her son, received one.  If there was any inequal-
ity it can be adjusted in the manner pointed out by law.

This view of the case renders it unnecessary for us to express any opinion on
the Bill of Exceptions taken by plaintiff on the trial.

It is, therefore, ordered, adjudged and decreed, that the judgment of the
District Court be affirmed with costs.