CONNOLLY v. CARDNO ET AL.

---

(March 23, 1931. Opinion and Decree.)
(April 13, 1931. Rehearing Refused.)

---

Paul W. Maloney, of New Orleans, attorney for plaintiff, appellant.

Harold A. Moise, of New Orleans, attorney for defendants, appellees.

WESTERFIELD, J. This is an appeal from a judgment maintaining an exception of no cause of action.

The petition alleges that Stephen J. Connolly, plaintiff, is the duly appointed and qualified administrator of the succession of Mrs. Catherine Kata Murphy, widow of Stephen J. Connolly; that Mrs. Julia Connolly Cardno, daughter of the deceased, Mrs. Connolly, has in her possession a passbook of the Reliance Homestead Association of this city, calling for the sum of $1,100; that Mrs. Cardno pretends that the money belongs to her by reason of a donation made to her by her mother in her lifetime; that the homestead refuses to surrender the money to petitioner upon the ground that Mrs. Cardno's consent is necessary, and Mrs. Cardno withholds her consent; that Mrs. Cardno has no right, title, or interest in the money on deposit with the Reliance Homestead, which money has always belonged to the decedent and which should be paid over to petitioner in his capacity as administrator. The prayer is for a judgment against Mrs. Cardno and the homestead decreeing the money to be the property of the succession of Mrs. Connolly and ordering it paid over on his demand; otherwise that there be judgment for $1,100 in his favor as administrator.

Both defendants filed an answer to plaintiff's petition and thereafter an exception of no cause or right of action.

The ground on which the exception is based is that the administrator is without standing to question the validity of a donation inter vivos or mortis causa which can only be attacked by forced heirs or their assigns. Article 1504, Rev. Civ. Code, provides:

"On the death of the donor or testator, the reduction of the donation, whether inter vivos or mortis causa, can be sued for only by forced heirs, or by their heirs or assigns; neither the donees, legatees, nor creditors of the deceased can require that reduction nor avail themselves

of it." See Peter O'Neal, Administrator, v. Janes Oates, 8 La. Ann. 78.

It seems to us that the action of the trial court in maintaining the exception of no right of action was, under the plain provisions of the Code, correct. We have been referred to no authority to the contrary; consequently, and for the reasons herein assigned, the judgment appealed from is affirmed.