PONDER, Justice.
Mrs. Tommie Dietz, nee Dupre, intervened in these succession proceedings seeking to be decreed the owner of a certain tract of land containing 86 acres, more or less, situated in Acadia Parish and to have the tract of land stricken from the inventory of the succession.
The collateral heirs of the decedent and the administrator of his succession answered the intervention averring. that the intervenor is the illegitimate offspring and issue of a concubinage relation between the decedent and Clarissa Mouret. They aver that the purported sale from Rudolph Dupre to Aspz Dupre, who is now Mrs. Tommie Dietz, is null and void because it is a donation inter vivos in contravention of the prohibitory laws of this State.
It is recited in- the act of sale from Rudolph Dupre to the intervenor that “The consideration for which this sale is passed is $2,150.00, which said sum is insufficient within itself to pay Vendee, the amount of *912 money that -Vendor owes 'her for the faithful performance of valuable services rendered to him during the last 10 years or more, and it is in consideration of those valuable services and for the payment of same that Vendor executes this act of sale.”
On trial of the case, the lower court gave judgment decreeing the intervenor the owner of the property and ordered it stricken from the inventory. The collateral heirs and the administrator have appealed.
The appellants contend that the deed from the decedent to the intervenor is a void donation under the provisions of Articles 12, 1481 and 1491, Revised Civil Code, because it is made to his adulterine daughter of his concubine.
“Whatever is done in contravention of a prohibitory law is void, although the nullity be not formally directed.” Article 12, Revised Civil Code.
“Those who have lived together in Open concubinage are respectively incapable of making to each other, whether inter vivos or mortis causa, any donation of immovables ; and if they make a donation of movables, it can not exceed one-tenth part of the whole value of their estate. Those who afterwards marry are excepted from this rule.” Article 1481, Revised Civil Code.
“Every disposition in favor of a person incapable of receiving, shall be null, whether it be disguised under the form of an ■ onerous contract, or be made under the name of persons interposed. The father and mother, the children and descendants and the husband or wife of the incapable person, shall be reputed persons interposed.” Article 1491, Revised Civil Code.
The act conveying the property is in the form of a cash deed but it is in reality a giving in payment. If the consideration had been for the performance of services without fixing the value of the services, it would'have been a remunerative donation. A remunerative donation is one which has for its object recompense for services rendered, Article 1523, Revised Civil Code. The rules peculiar to donations inter vivos do not apply to onerous and remunerative donations, except when the value of the object given exceeds by one-half that of the charges or of the services, Article 1526, Revised Civil Code. A giving in payment or dation en paiement is an act by which a debitor gives a thing to a creditor, who is willing to receive it, in payment of a sum which is due. It was pointed out in the case of Robinson v. Guedry, La.App., 181 So. 882, that in a remunerative donation the value of the services need not be fixed or estimated whereas in a dation en paiement a sum certain is given, as in a contract of sale. In the case of Pulford v. Dimmick, 107 La. 403, 404, 31 So. 879, where property was transferred for services rendered without stating what amount had been agreed upon as the value of the services to serve as the price of the sale or the giving in payment, this Court stated in effect that in a contract of sale it is essential that the price *914 be certain, and, so too, a fixed price is the essence of dation en paiement, -citing Articles 2655 and 2659, Revised Civil Code; Barremore’s Syndic v. Bradford’s Heirs, 10 La. 149, 151; Kleinpeter v. Harrigan, 21 La.Ann. 196. The Court stated therein that the pre-existing debt for services would have supported the transfer of sale, citing Levert v. Hebert, 51 La.Ann. 222, 226, 25 So. 118, had the parties fixed the amount due and agreed upon it as the price of the sale. In the case of Citizens Bank & Trust Co. v. Willis, 183 La. 127, 162 So. 822, the price was-fixed in the act of sale but it was proven that the real -consideration was the purchaser’s agreement to sup-port the vendor for six months of each year. It was held that this was a valid sale and stated that if they had written in these stipulations as a consideration with the fixed price that the contract would be valid and -binding.
In the case of Taylor v. Taylor, 208 La. 1053, 24 So.2d 74, 75, it was pointed out that the giving in -payment is subject to all the rules which govern the ordinary contract of sale under the provisions of Article 2659, Revised Civil Code and that the giving of a thing in payment of an obligation is likened to what is known in common law as an “accord and satisfaction.” Whatever may be the subject of a sale may also be the subject of a giving in payment, the main difference between the two -contracts is that a sale is perfect by mere consent of the parties, while a giving in payment is made only by delivery. The price must be fixed in a giving in payment, Lamotte v. Lamotte, 48 La.Ann. 572, 19 So. 570, and the essentials of such a- transaction are an existing debt, just valuation and delivery. Peoples National Bank v. Voorhies, 134 La. 303, 64 So. 120; Slaton v. King, 214 La. 89, 36 So.2d 648, 650. In the case of Slaton v. King, supra, this Court stated: “That an acquisition of land by dation en paiement is similar to a purchase cannot be gainsaid. Indeed, the act of giving in payment is unquestionably a species of sale. The articles of the Code which deal with the giving in payment (Chapter 13, Articles 2655 through 2659) are contained in Title VII of Book III of the Civil Code which treats of the contract of sale and all of the elements necessary to an ordinary contract of sale, i. e., an agreement for the object and the price thereof, are essential to a dation en paiement. The latter, in addition, requires delivery. (Article 2656.)”
The evidence shows that there was an actual delivery of the -property to- the vendee. Moreover, the delivery of immovables accompanies a public act transferring them ■by a sale or a dation en paiemant, Article 2479, R.C.C.; Brown v. Brown, 30 La.Ann. 966; Jaubert v. Quilter, 48 La.Ann. 244, 19 So. 279; Succession of Curtis, 156 La. 243, 100 So. 412.
The appellants contend that the act transferring the property is invalid because the donor reserved or retained th-e usufruct of the property in violation of Article 1533, R. C.C.
*916 Since we have concluded that the act transferring the property is a giving in payment, all of the articles of the Civil Code relied on by the appellants have no application. These articles of the Civil Code apply only to donations. The retention of the usufruct by the vendor does not in any way effect the validity of the deed because there' are no such restrictions placed on a sale or a giving in payment.
For the reasons assigned, the judgment is affirmed at appellants’ cost.