HAMITER, Justice.
 

 By an instrument dated July 7, 1939 and which recited a cash consideration of $3,000
 
 *263
 
 Floyd P. Byrd purportedly conveyed to his brother, Andrew M. Byrd, three separate tracts of land in Washington Parish, they comprising respectively (1)
 
 17
 
 acres, (2) 8.65 acres and (3) • an undivided
 
 187i2
 
 interest in 137 acres.
 

 Floyd P. Byrd died intestate on September 25, 1951, being survived by his wife, Mrs. Beatrice Mason Byrd, but by no ascendants or descendants. Thereafter his widow brought this suit against Andrew M. Byrd praying for a judgment annulling and cancelling the mentioned act of conveyance.
 

 For a cause of action plaintiff alleged that the parcels first and secondly described in the deed belonged to the community that existed between her and decedent, having been purchased with community funds during the marriage, and that the purported sale was (1) simulated in that no consideration therefor was given and (2) "an act of fraud of Andrew M. Byrd and Floyd P. Byrd to defeat petitioner of her right of inheritance and ownership as provided for under and by virtue of the laws of the State of Louisiana.”
 

 In his answer the defendant affirmatively averred, among other things as hereafter shown, that adequate consideration of the value of $3,000 was given for the property transferred.
 

 After a trial of the merits the district court rendered judgment in favor of plaintiff in accordance with her prayer. The defendant is appealing.
 

 While conceding that the $3,000 cash recited in the deed was not paid by him to the decedent, the defendant, a non-resident of this state, alleged and attempted to show that other consideration of such value was actually given. Thus, in his answer, after admitting the allegation of the petition that the decedent and plaintiff retained and had at all times the exclusive control, management and possession of the property in contest, the defendant affirmatively averred as follows:
 

 “That the said Floyd P. Byrd at the time was making plans to operate the farm, that your petitioner [defendant] had some twelve (12) acres of desirable farm land cleared up and in cultivation adjoining, and other lands reforested and in timber, to the total of some seventy-seven (77) acres which Floyd P. Byrd desired to use in his farming operation and it was agreed between the parties that Floyd P. Byrd should have possession of the entire tract, including the property at issue in this case and the adjoining acreage belonging to Andrew M. Byrd.
 

 “It was agreed between the parties that Floyd P. Byrd would look after the property, would administer, and take care of same, pay all taxes, make all necessary and needed repairs, keep the place up and take care of same as a prudent administrator, that the reforested area would be looked after and
 
 *265
 
 the timber pruned and thinned as required by good forestry methods.
 

 “That the said Floyd P. Byrd was to have the use of all the property for farming and stock raising purposes for as long as he desired same or so long as he lived and thereby becoming a tenant of Andrew M. Byrd.
 

 “That under said agreement, Floyd P. Byrd was to take care of the forestry products, to manage same, thin timber as required, to sell same and after deducting the cost of cutting and removing the timber, the net proceeds would be divided equally between the parties.
 

 “That the timber was cut at various times and handled in the manner recited in the preceding articles and a full accounting was given from Floyd P. Byrd to Andrew M. Byrd.” (Brackets ours.)
 

 And defendant testified in support of those averments. However, his testimony as to the alleged agreement for the cutting and selling of timber and decedent’s accounting to him therefor was not corroborated. Rather, it was flatly contradicted by plaintiff.
 

 The trial judge, as shown by his written reasons for judgment, concluded that there was no consideration whatever given for the conveyance. With this conclusion we fully agree.
 

 The transaction in effect, as we appreciate the record, was an attempted donation in disguise of what decedent believed to be his separate assets, he at the time retaining a lifetime usufruct of the donated property.
 

 Thus, the testimony of the defendant and two brothers clearly indicates that they and decedent considered the 17 acre tract (No. 1) to be the separate and paraphernal property of the latter, despite the fact that he had acquired it by deed during his marriage to the plaintiff without a declaration in the instrument that it was received for his separate estate or purchased with separate funds. Again, the evidence discloses that the decedent had turned over to a brother $5,000 of his paraphernal funds to be divided equally among all of the brothers and sisters after his death, and that the distribution was made. Too, parcel No. 3 described in the contested deed as an undivided
 
 W72
 
 interest in 137 acres of land was apparently property which decedent had inherited.
 

 Moreover, as to tract No. 1, the defendant alleged in his answer: “Your respondent further shows that it was the desire and wish of the father, Lon P. Byrd, and of the mother, Rosa Pierce Byrd, that the old place, being the property described as first in Article 1 of plaintiff’s petition, was to become the home of the youngest son, namely, Carver Byrd, that the said Carver Byrd departed this life prior to the transfer of said property and then your defendant, Andrew M. Byrd, being the youngest son was to become the owner of said property; that, however, the said Floyd P. Byrd particularly desired to live on the old place to farm
 
 *267
 
 and to stay there, and having no other established home of his own, prevailed upon your defendant, Andrew M. Byrd, to enter into the agreement hereinabove set forth and permitting the transfer of the said property in the first instance from the said Lon P. Byrd to the said Floyd P. Byrd.”
 

 These averments and the proven facts mentioned above make it abundantly clear that decedent considered the items described in the deed to be assets of his separate estate, and that he was attempting to make a donation of them to his brother, the defendant. And the first above quoted allegations of the answer, along with the testimony of the defendant, plaintiff and others, show conclusively that the decedent entered into with defendant (and there was actually executed) an agreement whereby he was to have and maintain during his lifetime absolute possession, control and enjoyment of the property — to retain and exercise a lifetime usufruct, in other words. See, LSA-Civil Code Article 533.
 

 The defendant does not presently deny that tracts Nos. 1 and 2 described in the attacked instrument were assets of the community that existed between plaintiff and decedent. In addition to the defense above discussed he now challenges the right of the widow to maintain this action. His counsel point out that she is not authorized by LSA-Civil Code Article 2239 to so proceed, because she is neither a forced heir, creditor nor bona fide purchaser as therein prescribed. Then, to quote from their brief, they argue:
 

 “It is therefore submitted that the wife’s action, if any, is under Article 2404 of the Louisiana Revised Civil Code, which permits a wife to set aside a conveyance of community property if the husband has conveyed it in defraud [fraud] of her rights.
 

 “In the instant case there was not even the slightest attempt made to prove any fraud on the part of either Floyd P. Byrd or Andrew M. Byrd, and without satisfactory proof of fraud the transaction cannot be set aside. * * * ” (Brackets ours.)
 

 In view of our conclusion that the transaction in question was a disguised donation with retention of a lifetime usufruct, we find it unnecessary to determine whether actual fraud on the part of the donor or donee is satisfactorily shown by the evidence in the record. The instrument assailed is absolutely void by reason of LSA-Civil Code Article 1533 which states: “The donor is permitted to dispose, for the advantage of any other person, of the. enjoyment or usufruct of the immovable property given, but can not reserve it for himself.” This provision was dictated by sound considerations of public policy. Dawson v. Holbert, 4 La.Ann. 36.
 

 
 *269
 
 This court in Creech v. Errington, 207 La. 615, 21 So.2d 761, 764, after quoting LSA-Civil Code Article 1533, said:
 

 “Since we have reached the conclusion that the instrument in question, being in actual fact a disguised donation, reserved unto donor a usufruct over the immovable property donated therein, which reservation is prohibited by the express provisions of the above quoted article of the Code, then what is the effect of such reservation on the entire act?
 

 “The jurisprudence of this state is well settled to the effect that such.reservation of usufruct to a donor of immovable property renden the entire instrument radically null and of no force and effect. [Numerous cases are here cited.]
 

 “Therefore, under the well settled jurisprudence, the instrument attacked in this case is radically null and of no force and effect.” See also Succession of Yeates, 213 La. 541, 35 So.2d 210 and Almond v. Adams, 221 La. 234, 59 So.2d 132.
 

 And it is further established in our jurisprudence that all interested persons, including collateral heirs, are entitled to invoke a nullity of that kind and to have the prohibited donation set aside. Lazare v. Jacques, 15 La.Ann. 599; Succession of Dupre, 218 La. 907, 915, 51 So.2d 317 and cases therein cited (on rehearing). Unquestionably this plaintiff has the right to so proceed herein, for she is the widow in community of decedent, entitled as such to one-half of the community assets, and also is his sole heir at law under LSA-Civil Code Article 915.
 

 Finally defendant contends that plaintiff’s action to have the act of conveyance set aside is barred by the prescription of ten years under LSA-Civil Code Article 2221.
 

 In Whitney National Bank of New Orleans v. Schwob, 203 La. 175, 13 So.2d 782, 783, we said: “This court has differentiated between absolute nullities in derogation of public order and good morals and those which are established in the interest of individuals. The latter nullities are susceptible of ratification, either expressly or impliedly, and may be prescribed against, while the former are never susceptible of ratification and can never be prescribed against. * * * ”
 

 As before pointed out the attempted donation under consideration herein was violative of a law enacted in the interest of public order. Hence, plaintiff’s right to attack it was imprescriptable.
 

 In support of the plea of prescription defense counsel have cited Strong v. Haynes, 152 La. 695, 94 So. 322, Succession of Nelson, 224 La. 731, 70 So.2d 665 and Brady v. Brady, La.App., 55 So.2d 287. These cases
 
 *271
 
 are distinguishable in that none involved a radically null conveyance such as the one presently considered.
 

 For the reasons assigned the judgment appealed from is affirmed.
 

 McCALEB, J., concurs in the decree.