87 So.2d 770 (1956)
Adeline Turner DUCOTE, Plaintiff-Appellant,
v.
Sidney STARK, Defendant-Appellee.
No. 8407.
Court of Appeal of Louisiana, Second Circuit.
May 21, 1956.
Rehearing Denied June 14, 1956.
Writ of Certiorari Denied September 28, 1956.
*771 Charles A. Riddle, Jr., Marksville, for appellant.
Earl Edwards, Marksville, John A. Boatner, Jr., Bunkie, for appellee.
HARDY, Judge.
This is an action to annul a conveyance of property executed by plaintiff in an act of sale to her son-in-law, defendant herein, on the ground that the said conveyance was in reality a donation in disguise, which donation, being one omnium bonorum, was a nullity by reason of the prohibition set forth in Article 1497 of the LSA-Civil Code. After trial there was judgment in favor of defendant rejecting the demands of plaintiff, from which she prosecutes this appeal.
The facts are that on July 5, 1951, the plaintiff, Adeline Turner Ducote, executed an act of sale to and in favor of her son-in-law, Sidney Stark, by which she purported to convey four acres out of a tract of approximately twenty-one acres, together with the improvements thereon, for a recited consideration of $360, represented by two notes in the sum of $180 each, payable in one and two years after date respectively. In addition to the stated consideration *772 the vendor reserved the use for life of a bedroom in the house, which was located upon the property transferred. Estimates of the value of the property conveyed and that retained by the plaintiff, as reflected in the testimony of witnesses on trial of the case, indicate a considerable variation, but we think it is established that a minimum valuation on the property conveyed should be fixed at $1,800, whereas the admitted value of plaintiff's remaining property was placed at $1,400. Judgment from his written opinion these appear to be the figures accepted by the district judge. There is little testimony, and that of a very vague and uncertain nature, with reference to the expected income from the seventeen or eighteen acre tract retained by plaintiff, but, at best, it does not appear that this represents more than the approximate amount of $150, which would be derived from a farm lease on a share basis. It is established and emphasized that plaintiff receives an old age pension from the State of Louisiana in the amount of $50 per month. It is noted that the district judge predicated his conclusion upon the valuation of the property retained and the monthly gratuity of $50 received by plaintiff from the State of Louisiana.
Plaintiff's attack upon the act of sale and the basis for her action are found in the following recitals of her petition:
"Petitioner shows that the purported Act of Sale referred to hereinabove was in truth and in fact a donation in disguise; that there was never any real consideration intended at the time of the execution of same, that none was paid nor has any been paid since, and that it was in truth and in fact the consummation of a method by which petitioner could live on her property and at the same time continue to receive old age benefits from the State of Louisiana, and by which defendant could acquire the said property without the payment of any consideration.
"Petitioner shows that at the time of the execution of the alleged Act of sale aforesaid, she did not reserve unto herself enough property for her subsistence, and that consequently the donation of the property described in said deed is null and void for the whole thereof; that the only property which she had remaining at the time of the purported Act of Sale consisted of approximately seventeen acres of land located near Dupont, Avoyelles Parish, Louisiana."
It is obvious that plaintiff seeks the relief prayed on the ground that the purported sale was, in reality, a donation in disguise, which donation, being one omnium bonorum, is null and ineffective under the specific prohibition of law contained in LSA-Civil Code Article 1497.
To plaintiff's petition defendant interposed an exception of no right and no cause of action and a special plea of estoppel, which were referred to the merits. Following trial on the merits, defendant again filed an exception of no cause nor right of action based upon the pleadings and the evidence adduced on trial. The burden of defendant's exception is that, in the absence of allegations of fraud, error or misrepresentation, parol evidence was not admissible on trial for the purpose of varying or contradicting the terms of the written act of sale. In other words, counsel for defendant strenuously objected, and here reiterates, his objection to the admission of parol evidence designed to establish the instrument of conveyance as a donation rather than an act of sale. These objections were overruled by the district court and we think properly so.
Article 1497 of the LSA-Civil Code reads as follows:
"The donation inter vivos shall in no case divest the donor of all his property; he must reserve to himself enough for subsistence; if he does not do it, the donation is null for the whole."
It is clear, in view of the prohibition established in the above article, that a donation omnium bonorum is one in fraudem legis. As early as 1860 we find a pronouncement pertinent to our consideration of this issue in the case of Lazare v. *773 Jacques, 15 La.Ann. 599, in which the court stated:
"This is not the case of a simulated sale, but of a prohibited donation made under the form and semblance of a real contract of sale.

* * * * * *
"But it is well settled that parol evidence is admissible whenever the obligation is one contracted in fraudem legis, and that it is immaterial what form may be given to the reprobated contract." (Emphasis supplied.)
Counsel for defendant insistently urges that the contract of sale, being valid upon its face and containing acknowledgment of receipt of a substantial consideration, is not subject to attack by parol evidence. Unquestionably, this would be a correct assumption were it not for the fact that the determination of the true nature of the instrument is an essential element in the application, vel non, of the prohibition of law contained in the above quoted codal article. As pointed out by our distinguished brother of the district court, it would be impossible to establish the actual nature of a conveyance as being a reprobated and prohibited donation omnium bonorum unless evidence extraneous to the recitals of the formal act should be admissible. The district judge relied upon the holdings in Cahow v. Hughes, La.App., 169 So. 801 and La.App., 173 So. 471, 473; Jeansonne v. Jeansonne, 187 La. 939, 175 So. 626; and Kelly v. Kelly, 131 La. 1024, 60 So. 671, 672, from which latter case the following extracts from the opinion were quoted:
"The nullity of donations omnium bonorum is based upon motives of public order, and estoppel by acknowledgment or admission cannot be invoked to maintain a condition or state of things created in violation of a prohibitory law. Ackerman v. Larner et al., 116 La. 101, 40 So. 581.
* * * * * *
"It concerns the state that a donor should not pauperize himself by his gratuities."
It follows that it is essential to inquire into all circumstances surrounding a transaction which may be subject to the prohibition against donations omnium bonorum, and the customarily accepted rule against the admission of parol evidence, under such circumstances, is inapplicable.
We come next to a consideration of the point as to whether the transaction in question constituted that character of donation which is prohibited by LSA-Civil Code, Article 1497. As above noted, the district judge was of the opinion that the retention of property valued at some $1,400 and the receipt of a monthly old age pension in the sum of $50 was sufficient to justify the holding that the conveyance in the instant case did not constitute a donation omnium bonorum. We regret that we find ourselves in disagreement with this conclusion. The receipt of a monthly old age pension is, at best, the acceptance of a gratuity from the State which is susceptible to revocation or discontinuance. It is not, nor can it be considered, as income. It is appropriate at this point to comment on the fact that there are strong implications in connection with the instant case which tend to substantiate plaintiff's allegation that the conveyance which is here called in question was confected for the very purpose of qualifying the plaintiff for the continued receipt of an old age pension from the State. We think this particular point could have been effectively settled were it not for the fact that one of the witnesses tendered by plaintiff, "a welfare visitor" in the employ of the State Department of Public Welfare, refused to testify on the ground that she was prohibited from divulging information obtained from welfare records. We can only observe that this is a classic illustration of the cross purposes between the several branches of government which eventually militate against the just administration and proper function of each of the several branches. Be that as it may, the effect here has been to deprive the court of pertinent information as to relevant facts.
We think there is no real ground for misconception or misinterpretation of the meaning and intent embodied in the use of *774 the word "subsistence" in Article 1497. It must be conceded that the apparent lack of exactness in some holdings of our courts might indicate that the value of property retained is the only measure of consideration in determining the factual resolution as to an excessive donation, but we think that has been due to inadvertence and lack of meticulous expression rather than to intent. Our point here may be graphically illustrated by simply calling attention to the proposition that a donor might retain property of substantial value, which however, would not produce a subsistence. While the property retained by this plaintiff, amounting to some seventeen or eighteen acres, is shown to constitute a value of approximately $1,400.00, it is conclusively established that it does not produce sufficient revenue for plaintiff's subsistence. The principle was clearly enunciated in Kirby v. Kirby, 176 La. 1037, 147 So. 70, 71:
"It is the settled jurisprudence of the state that a contract whereby a person gives away his property without reserving sufficient property for his subsistence is null from its incipiency."
The effect of this pronouncement is simply that no matter how much property a donor may retain, a donation will be considered void if the residue is not sufficient for subsistence. We think it clear, under the facts of the instant case, that the property retained by the donor cannot be considered as sufficient to provide for her subsistence. It is true that plaintiff, who was 84 years of age at time of trial, is a person of meager needs, but, even so, the conclusion is inescapable that the small contribution to her subsistence available from the restricted revenues of the property retained in her hands would be woefully insufficient even for her small needs.
We pretermit consideration and discussion of the question of lesion beyond moiety, which we think was erroneously considered and determined by the district judge since this factor is clearly inapplicable and appellant has not only vigorously objected to the injection of this issue, but insists that this ground of attack was intentionally omitted.
Defendant's plea of estoppel, based upon the construction and erection of improvements by defendant, is not urged on this appeal, and, therefore, must be considered as abandoned. In any event, the effect of the plea is preserved by the reservation immediately hereinafter set forth.
In answer, defendant alternatively prayed for judgment against plaintiff for the value of the improvements which he has placed upon the property during his occupancy thereof. The evidence contained in the record with reference to the value of these improvements is so vague, uncertain and indefinite that it is insufficient to provide the basis even for a reasonable approximation of the value of such improvements. Under this circumstance, we think the better procedure would be to reserve the right of defendant to assert and establish this claim in a separate and appropriate action, subject, of course, to such offsets in the nature of rental to which plaintiff might be entitled, and, accordingly, such right is specifically recognized and reserved.
For the reasons set forth the judgment appealed from is annulled, avoided and reversed and there is now judgment in favor of plaintiff, Adeline Turner Ducote, and against the defendant, Sidney Stark, declaring that certain instrument dated July 5, 1951, bearing original document No. 137327 of the Records of the Parish of Avoyelles, State of Louisiana, recorded in Alienation Book A-147, page 555, executed by Adeline Turner Ducote, purporting to transfer to and in favor of Sidney Stark certain property described as:
"Four (4) acres of land, together with all buildings and improvements thereon, to be taken out of the northwest corner of a larger tract of 21.95 acres which is further described as follows as to the larger tract: Being lots three, four and five of a partition among the heirs of Placide P. Ducote, entered into on Dec. 14, 1929, appearing of record in A1. Book A-49 at page 287 of the Avoyelles records, and bounded on the north by Bayou Jacque; on the East by lot six of said partition now belonging to Edison Stark; on the south by Bayou Dubroc and on the *775 west by lot 2 of the said partition now belonging to Henry Mayeux. The larger tract was acquired by the vendor herein from Cleveland Ducote on Dec. 13, 1929 by deed recorded in Al. Book A-48 at page 226 of the Avoyelles records.
The lot of four acres herein conveyed is to be taken out of the northwest corner of the above larger tract belonging to the vendor, on a measurement of seventy (70) yards of front by a depth of two hundred eighty (280) yards, and bounded on the north by Bayou Jacque, on the east by vendor or balance of tract on the south by vendor and on the west by Henry Mayeux."
to be null and void.
There is further judgment ordering and directing the Clerk of Court and Ex-officio Recorder of Conveyances for the Parish of Avoyelles, State of Louisiana, to cancel said purported act of conveyance from the records of his office.
Finally, there is judgment declaring petitioner, Adeline Turner Ducote, to be the true and lawful owner of the property described, and all costs are assessed against defendant-appellee.