AYRES, Judge.
This is an action by the legal heirs of Ella Ervin McLain, deceased, against Emma Lee Calcóte Spencer and her husband, Ernest Lee Spencer, to have decreed null and void a purported sale of a described 20-acre tract of land.
The basis of plaintiffs’ attack upon the deed is that no consideration was actually paid for the property, and that the purported sale was therefore a simulation pure and simple. In the alternative and in the event the instrument should be construed as a donation inter vivos, its nullity is asserted on a basis that the donor reserved the usufruct of the property unto herself and, moreover, divested herself of all her property, retaining nothing for her subsistence in violation of positive prohibitory law expressive of the public policy of this State. It was further contended that, if the deed were sought to be maintained as a donation mortis causa, then it is null for the lack of proper form.
Defendants excepted to plaintiffs’ right or capacity to institute and maintain this action on the basis that the sale was a simulation for the reason that plaintiffs were neither forced heirs nor creditors of the decedent. Defendants further pleaded that plaintiffs are estopped to attack on any ground or for any reason the deed executed by the decedent from whom they claim to inherit for the reason they have accepted her succession. Both exception and plea were overruled.
On trial of the issues on their merits, plaintiffs’ contentions were sustained and the deed was declared a nullity. From the judgment, defendants appealed.
The facts established in the record may be briefly reviewed. The deed from the deceased to Emma Lee Calcóte Spencer dated March 3, 1956, and filed for record May 22, 1967, following the vendor’s death on May 17, 1967, recites a cash consideration of $750. The consideration recited in the deed to have been paid in cash was in fact never paid, in whole or in part. This much is conceded by the defendants who endeavored to show by evidence objected to as inadmissible under the pleadings, which alleged no affirmative defense, that the actual consideration was the obligation of the vendee, Emma Lee Calcóte Spencer, to look after and care for the vendor, Ella Ervin McLain, during the remainder of the latter’s natural life.
No necessity exists to determine the admissibility of the testimony offered for, if it were given consideration, it would not establish the purpose for which it was adduced. The notary public before whom the deed was passed testified that it was his understanding of the transaction that the vendee had already performed services for the vendor upon which a valuation of $750 was placed, and that the property was accordingly transferred in payment for those services. Defendant Emma Lee Cal-cóte Spencer, named as vendee, testified that the deed was executed for services to be rendered in the future. The evidence, however, does not show that such services were rendered or what value such services had. Therefore, the record does not establish there was any such agreement between Ella Ervin McLain and Emma Lee Calcóte Spencer to the effect that the latter had already or would, in the future, perform any services for Ella Ervin McLain intended as a consideration for the sale of the property. The instrument was, therefore, executed without consideration.
The language of the deed under attack contains this recital:
“The vendors herein expressly reserves for herself the right of usufruct of the above described property during the term of her natural life.”
*100 Both property and the unrecorded deed remained in possession of Ella Ervin Mc-Lain, the purported vendor, until her death, more than eleven years after the deed was executed. The property purportedly conveyed was, moreover, all the property of consequence owned by the vendor.
The trial court concluded, and we think correctly so, that it was incumbent upon defendants to present by proper pleadings an affirmative defense should they desire to rely upon a different consideration from that recited in the deed to substantiate its validity. Nevertheless the court quite properly pointed out that the effect of the evidence was to show that the instrument was not in fact a deed but a donation in disguise and, as a donation inter vivos, null because of the retention of the usufruct by the donor and because the property comprised all the assets possessed by the donor. Moreover, the instrument, not being in proper form, cannot be maintained as a donation mortis causa.
We do not deem it necessary to determine whether plaintiffs, who are neither forced heirs nor creditors of the' deceased, have a legal right or capacity to assert the simulated character of the instrument under attack for, as a matter of public policy, in their capacity as legal heirs, they are authorized, as will be hereinafter shown, to assert the nullity of the instrument on the basis of the other asserted grounds. Our conclusion, like that of the trial court, is that the transaction in question was a disguised donation with retention of a lifetime usufruct in favor of the donor. As such, the instrument assailed is absolutely void by reason of LSA-C.C. Art. 1533 which states: This provision was dictated by sound considerations of public policy. Byrd v. Byrd, 230 La. 260, 88 So.2d 214, 217 (1956); Dawson v. Holbert, 4 La.Ann. 36 (1849). The effect of the inclusion of such a reservation of usufruct to and in favor of the donor of immovable property is to render the entire instrument radically null and void and of no force and effect. Almond v. Adams, 221 La. 234, 59 So.2d 132 (1952); Succession of Yeates, 213 La. 541, 35 So.2d 210 (1948); Creech v. Errington, 207 La. 615, 21 So.2d 761 (1945); Byrd v. Byrd, supra.
“The donor is permitted to dispose, for the advantage of any other person, of the enjoyment or usufruct of the immovable property given, but can not reserve it for himself.”
In Byrd v. Byrd, supra, it was observed that a rule is well established in the jurisprudence that all interested persons, including collateral heirs, are entitled to invoke a nullity of the kind now under consideration and, therefore, to have the prohibited donation set aside. See also: Lazare v. Jacques, 15 La.Ann. 599 (1860); Succession of Dupre, 218 La. 907, 915, 51 So.2d 317, 321 (1950), and the cases cited therein on rehearing.
The transaction herein concerned is likewise amenable to the provisions of LSA-C.C. Art. 1497 which provide:
“The donation inter vivos shall in no case divest the donor of all his property; he must reserve to himself enough for subsistence; if he does not do it, the donation is null for the whole.”
These provisions are likewise expressive of a public policy of this State. This transaction, being one reprobated by law as contravening the aforesaid provisions of the Civil Code, must be set aside. Camus v. Camus, 91 So.2d 120, 123 (La.App., Orls. 1956 — cert. denied), and the authorities therein cited.
Authorities cited by defendants, such as Citizens Bank & Trust Co. v. Willis, 183 La. 127, 162 So. 822 (1935), are without application to the situation here. There is nothing in the contract concerned in the cited case which is prohibited by law or contrary to public policy. Nor do we find *101 in the instant case any basis for questioning the rule, in proper instances, that:
“If the cause expressed in the consideration should be one that does not exist, yet the contract cannot be invalidated, if the party can show the existence of a true and sufficient consideration.” LSA-C.C. Art. 1900.
No contention is made by the defendants that the instrument can be maintained as a donation mortis causa; hence no good purpose could be served in elaborating upon the statement that it is not in any form by which it could be sustained as a will.
For the reasons assigned, the judgment appealed is affirmed at defendants-appellants’ costs.
Affirmed.