303 So.2d 238 (1974)
Mrs. Lucy Robinson WHITTEN, Plaintiff-Appellee,
v.
William R. WHITTEN et al., Defendants-Appellants.
No. 12454.
Court of Appeal of Louisiana, Second Circuit.
November 7, 1974.
*239 Kostelka & Blackwell by Marshall Blackwell, Monroe, for defendant-appellant, Jack L. Apperson.
John Barkley Knight, Jr., Winnsboro, for William R. Whitten.
S. E. Lee, Jr., Winnsboro, Wood H. Thompson, Monroe, for plaintiff-appellee.
Before BOLIN, PRICE and HALL, JJ.
PRICE, Judge.
This is an appeal from the judgment of the trial court decreeing a transfer of immovable property null and void as being in contravention of the provisions of La.C.C. art. 1533 and resolving conflicting claims of ownership to the title of the property.
The district judge has very capably and concisely depicted the pleadings and positions of the parties to this action in his written reasons for judgment as follows:
"Plaintiff, Mrs. Lucy Robinson Whitten, claims ownership of 100 acres of land in Franklin Parish, alleging the nullity of a transfer made by her to her sister, Florence Robinson Haley (later Apperson), on December 29, 1958. Plaintiff attacks this transfer, which on its face was a sale for $1000.00 cash paid, as being a donation with reservation of usufruct and null under Civil Code Article 1533, and also a donation omnium bonorum and therefore null under Civil Code Article 1497. Defendants are William Robinson Whitten, plaintiff's adopted son, and the Apperson heirs, who claim title to the property from Mrs. Haley.
"Defendant, William Robinson Whitten, filed an answer, reconventional demand and third party petition, alleging that the property in question was community property between his adoptive father and mother, William C. Whitten and plaintiff, and that he is the owner of an undivided one-half (½) interest therein by virtue of inheritance from his adoptive father who died on July 17, 1958, before the transfer by plaintiff. He acknowledges that his ownership of the one-half (½) interest in said property is subject to the usufruct accorded by law to plaintiff.
"The Apperson Heirs answered alleging that the deed to Mrs. Haley, their author in title, was an authentic act which is full proof of itself, and that parol evidence is not admissible to vary, contradict or alter its terms. They also filed a peremptory exception of prescription of ten years under Civil Code Articles 2221, 3542 and 3544.
The chronology of events as affects this property and as shown by the record is as follows:
(1) On July 31, 1926, Partition of Robinson Property wherein Florence Dorothy Robinson received the 100 acres of land in question. Florence Dorothy Robinson was later Mrs. Redfield, Mrs. Haley, and Mrs. Apperson.
(2) On December 13, 1943, Mrs. Florence Robinson Redfield conveyed the property to Mrs. Lucy Robinson Whitten, the wife of W. C. Whitten, for $2500.00, of which $500.00 was paid in cash, and for the balance four notes of $500.00 each were made due annually on November 1, 1944, 1945, 1946 and 1947.
(3). On October 5, 1945, Mrs. Lucy Robinson Whitten (by act also signed by *240 W. C. Whitten) executed a mortgage unto M. S. Meyer in the amount of $2250.00, represented by four notes for $562.50 each, due 1, 2, 3, and 4 years after date. As a result of this act the notes due to Mrs. Redfield, and the mortgage to her, were cancelled. The notes given to M. S. Meyer were cancelled as follows: first note on November 5, 1946, second note on October 13, 1947, third note in October, 1948, and the mortgage cancelled in full on October 10, 1949.
(4) On February 15, 1949, Mrs. Lucy Robinson Whitten granted a mortgage on said property unto Winnsboro State Bank and Trust Company for $3500.00, represented by one note payable monthly at the rate of $150.00 per month.
(5) On August 8, 1957, W. C. Whitten executed a document in the form of a deed unto his wife Lucy Robinson Whitten, purporting to convey unto her any interest he may have in this property and also declaring and acknowledging that this property was purchased by his wife with her separate and paraphernal funds and that it was not community property. This document was not filed for record until after the death of W. C. Whitten, who died on July 17, 1958. It was filed for record on December 29, 1958, which is the date of the deed-donation under attack here.
(6) On December 29, 1958, plaintiff, Mrs. Lucy Robinson Whitten, widow of W. C. Whitten, executed a deed to Mrs. Florence Robinson Haley, a widow, covering the 100 acres of land for a consideration of $1000.00 cash, and in which the vendor retained possession of the property for the remainder of her life, with right to collect rents, revenue, oil leases, royalty sales, and she to pay the taxes.
Mrs. Haley married Apperson. She died leaving her property by will to Mr. Apperson, who died leaving his property to the Apperson heirs, defendants herein.
The record shows that plaintiff, Lucy Robinson Whitten and William C. Whitten were married but one time and then to each other, and that no children were born of this marriage. They adopted one child, who is William Robinson Whitten, a defendant here."
The district judge rendered judgment on the main demand in favor of plaintiff, Mrs. Whitten, and against the "Apperson Heirs", annulling and setting aside the transfer to Florence Robinson Haley, dated December 29, 1958, and the subsequent transactions through which these heirs derive their claim of ownership. The judgment dismissed plaintiffs' demand against her adopted son, William R. Whitten, and recognized Whitten's claim of ownership to an undivided one-half interest in the property, subject to the usufruct provided by law in favor of his mother, Lucy Whitten.
The pleas of acquisitive and liberative prescription filed by the "Apperson Heirs" were overruled.
Four of the defendants referred to as "Apperson Heirs", Martha Hale Apperson, Leland Apperson, Jr., Elizabeth Apperson Yowell and Rawlins Apperson, have not appealed from the judgment rendered against them, and the sole appellant is Jack L. Apperson, who has perfected this devolutive appeal.
It should also be noted that plaintiff, Lucy Robinson Whitten, has not appealed from the judgment which rejects her contention the involved property belonged to her separate and paraphernal estate.
Appellant complains in brief to this court that the trial court was in error in the following regard:
1. In allowing parol evidence admitted to vary or contradict an authentic act.
2. In finding the proof submitted sufficient to establish the facts on which plaintiff relies for relief.

*241 3. In overruling the pleas of acquisitive and liberative prescription.
4. In concluding the property involved belonged to the community existing between plaintiff and her late husband.
We shall discuss these arguments in the chronology above stated.
1. Admissibility of Parol Evidence.

Appellant relies primarily on the provisions of La.C.C. art. 2236, which provides:
"The authentic act is full proof of the argument contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery."
He further points out the only exception to the rule provided in this article is when there is proof of fraud or error. Appellant further contends to allow the plaintiff to attack her own authentic act would be tantamount to permitting her to personally gain from her own illegal and fraudulent action. For this reason he asserts she should be estopped to contradict her sworn declarations contained in the authentic act.
In his reasons given for permitting the use of parol evidence in this instance, the trial judge relied on an exception to the general rule of law urged by appellant. He found the subject transfer to be a contract in fraudem legis and parol evidence admissible to establish the true nature of the transaction.
We are of the opinion he has followed the prevailing jurisprudence in ruling on this controversial area of the law on admissibility of evidence.
A contract in fraudem legis is a transaction in fraud of the law rather than in fraud of one of the contracting parties. It is null ab initio and is not merely voidable on demand of an interested party. Contracts prohibited by law as being against public policy fall within this category.
In the case of Williams v. Collier, La. App., 249 So.2d 298 (1st Cir. 1971), relied on by the trial judge, the court in ruling on admissibility of parol evidence to establish a donation omnium bonorum discussed the admissibility of parol evidence to establish contracts in fraudem legis as follows:
"Taking plaintiff's petition as a whole, it is obvious that the purpose of plaintiff's allegations is to show that no cash consideration was paid for the property and that it was, in fact, a donation rather than a sale which petitioner alleges was prohibited by law.
"Appellee contends that plaintiff by his allegations attempts to vary the terms of an authentic act by parol evidence in violation of Articles 2236, 2275 and 2276 of the Civil Code and innumerable opinions interpreting the same.
"There is no merit to the argument that plaintiff's allegations do not admit of proof and that he has not stated a cause of action. In Cahow v. Hughes, 173 So. 471 (La.App. 1st Cir. 1937), this Court in its original opinion held that the plaintiff could not show by parol evidence that the deed in question was, in fact, a donation. In reviewing the question as to the introduction of parol evidence in such cases, this Court reversed its original position and held the parol proof to be admissible, relying on a decision of the Second Circuit Court of Appeal in Armand v. Armand, 8 La.App. 810, which held that parol proof is admissible wherever the contract sought to be set aside is one in fraudem legis.

"In Ducote v. Stark, 87 So.2d 770 (La.App. 2nd Cir. 1956), a mother-in-law brought an action against her son-in-law to annul a conveyance of realty on the ground that it was a donation omnium bonorum. The defendant urged that the contract of sale being valid on its face *242 and containing an acknowledgment of the receipt of a substantial consideration was not subject to attack by parol evidence. In admitting parol to show the true nature of the agreement, the Court stated:
"`* * * Unquestionably, this would be a correct assumption were it not for the fact that the determination of the true nature of the instrument is an essential element in the application, vel non, of the prohibition of law contained in the above quoted codal article. As pointed out by our distinguished brother of the district court, it would be impossible to establish the actual nature of a conveyance as being a reprobated and prohibited donation omnium bonorum unless evidence extraneous to the recitals of the formal act should be admissible. The district judge relied upon the holdings in Cahow v. Hughes, La.App., 169 So. 801 and La.App., 173 So. 471, 473; Jeansonne v. Jeansonne, 187 La. 939, 175 So. 626; and Kelly v. Kelly, 131 La. 1024, 60 So. 671, 672. * * *' (Ducote v. Stark, [La.App.,] 87 So.2d 770, 773).
"Again, in Smith v. Smith, 239 La. 688, 119 So.2d 827 (1960), Chief Justice McCaleb, in commenting on the admissibility of parol with regard to contracts in fraudem legis, stated:
"`* * * If parol evidence is admissible to show fraud practiced on one of the contracting parties, it would, a fortiori, appear that it should be received when the fraud has been perpetrated on the law itself. And so this Court has held that parol evidence may be introduced to show that any obligation has been contracted in fraudem legis regardless of what form may have been given to the reprobated contract. Lazare v. Jacques, 15 La.Ann. 599; Kelly v. Kelly, supra; Ducote v. Stark, La.App., 87 So. 2d 770.' (Smith v. Smith, [239 La. 688,] 119 So.2d 827, 830)
"Therefore the District Judge was in error in sustaining the exceptions of no cause and no right of action, as the allegations of plaintiff's petition allege an agreement contracted in fraudem legis and under the authority of the cited decisions parol evidence is admissible." Pp. 299 and 300.
In Byrd v. Byrd, 230 La. 260, 88 So.2d 214 (1956) the Supreme Court has declared a donation in disguise in which the donor retains the usufruct in contravention of Article 1533 to be an absolute nullity and in its decision stated: "This provision was dictated by sound considerations of public policy."
In view of the language of the Byrd decision, we consider the donation with reservation of a usufruct to fall within the purview of the decision in Williams v. Collier, supra.
The doctrine of estoppel urged by appellant is not applicable to prevent a donor from raising the nullity of his own act when the transaction under consideration is in fraudem legis. William v. Collier, supra.
2. Sufficiency of Proof to Establish Donation in Disguise.
The appellant contends plaintiff has not borne the burden of establishing that the consideration as expressed in the act of sale, $1,000 cash, was not paid as provided in the authentic act. He contends the testimony of plaintiff is self serving and should be given little weight in view of the fact the other contracting party has been dead for several years.
From our review of all the testimony and circumstances presented, we are of the opinion the evidence is sufficient to sustain the trial court's finding. Mrs. Whitten testified no money passed to her when she executed the act of sale before J. R. Donnell, the Clerk of Court for Franklin Parish. *243 She testified the property involved was the family home and she made the donation to keep it within the family. Donnell, who has since retired as clerk, testified he did not recall seeing any money change hands and that he probably suggested the amount to be shown as consideration for the deed.
Mrs. Whitten testified she had always limited her banking affairs to one bank in Winnsboro and evidence was obtained from the bank to show she made no deposit to correspond with the receipt of the $1,000.
In accord with the reservation in the instrument she continued to possess the property and to receive all income from the property through the date of the filing of suit.
The trial judge gave consideration to La.C.C. art. 2480 which provides where the thing sold remains in the possession of the seller because he has reserved to himself the usufruct or retains possession by a precarious title, there is reason to presume the sale is simulated.
We believe this article has application to a proper evaluation of the circumstances presented at least by analogy.
Considering the blood relationship of the parties, the continued possession of the plaintiff, along with the other evidence presented by plaintiff which is unrebutted, we find no error in the conclusion of the trial judge that the proof was sufficient to show a donation in disguise.
3. Pleas of Prescription.
Appellant contends the plaintiff has lost her right to attack a transaction by liberative prescription of ten years under La. Civil Code Article 2221, or 3444, or five years under La. Civil Code Article 3542, and that the Appersons have acquired the property by acquisitive prescription of ten years under La. Civil Code Articles 3478, 3479, 3481, and 3490.The trial court correctly held that the defendants could not assert liberative prescription as a bar to an absolute nullity. Byrd v. Byrd, supra. Nor can he assert an absolute nullity as "just title" to invoke acquisitive prescription under Civil Code Article 3478, Hicks v. Hughes, 223 La. 290, 65 So.2d 603, 608 (1953); Menefee v. Pipes, 159 So.2d 439, 445-446 (2nd Cir. 1963), writ refused. We further note that none of the original defendants have ever had actual corporeal possession of the subject property. Defendants' pleas of prescription are therefore without merit.
As no appeal has been taken by plaintiff from the judgment decreeing the property to have belonged to the community formerly existing during her marriage to W. C. Whitten, we see no necessity to review the holding of the court in this regard. Whether the property was community or separate has no prejudicial effect on the right of appellant, Jack Apperson, under the views we have previously expressed in this opinion.
For the foregoing reasons we affirm the judgment appealed from recognizing Lucy Robinson Whitten the owner of an undivided one-half interest and William R. Whitten the owner of the other undivided one-half interest subject to the usufruct of Lucy Robinson Whitten, to the following property:
S ½ of SE ¼, Section 2, N ½ of NE ¼ of NE ¼, Section 11, Township 13 North, Range 7 East, with improvements.
Costs of this appeal are to be paid by appellant.