321 So.2d 375 (1975)
ESTATE of John E. RICHARD, Plaintiff-Appellant,
v.
Joseph Willie RICHARD, Defendant-Appellee.
No. 5166.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1975.
Rehearing Denied November 13, 1975.
Octave Pavy and Leon S. Haas, Jr., Opelousas, for plaintiff appellant.
*376 Olivier & Brinkhaus by John L. Olivier, Sunset, for defendant appellee.
Before HOOD, CULPEPPER, and MILLER, JJ.
MILLER, Judge.
Plaintiff, the dative testamentary executor of the Succession of John E. Richard, appeals the judgment sustaining defendant Joseph Willie Richard's exception of no right of action. We set aside the ruling and remand.
Other issues were ruled on by the trial court, but we do not consider these because the ruling was interlocutory in nature and no irreparable injury is alleged. LSA-C.C.P. arts. 1841 and 2083; In re Perovich Adoption, 302 So.2d 343 (La.App. 3 Cir. 1974).
On December 27, 1972 John E. Richard donated to his son, defendant John Willie Richard, a tract of land valued at $29,800. The donation recited and plaintiff alleged the donation was onerous. The donation was recorded January 19, 1973. John died on August 27, 1973, and plaintiff qualified as dative testamentary executor. Suit was filed January 18, 1974 contending the donation was null and void because donor reserved the usufruct of the property (which until 1974 was prohibited by LSA-C.C. art. 1533) and the value of the alleged services set forth in the donation was less than half the value of the property.
The exception of no right of action (although not particularized to this point, under LSA-C.C.P. art. 927 the court can notice no right of action "of its own motion") was sustained on the basis that LSA-C.C. art. 1504 limits the right to seek a reduction in a donation to forced heirs, their heirs or assigns. On finding no allegation that plaintiff was a forced heir or an assignee of one, plaintiff was found without a right of action. Connolly v. Cardno, 16 La.App. 363, 133 So. 449 (Orls.App.1931).
Plaintiff alleged the donation was invalid and null and void; and that the value of the alleged services set forth in the purported donation was less than half the value of the property donated. Under LSA-C.C. art. 1526 the rules peculiar to inter vivos donations (here C.C. art. 1533 that the donation is null if donor reserves the usufruct) apply when the value of the object given exceeds by half that of the charges or services. Plaintiff has alleged facts which indicate the rules peculiar to donations inter vivos do apply. If these rules apply, reservation of the usufruct invalidates the donation. LSA-C.C. art. 1533; Succession of Yeates, 213 La. 541, 35 So.2d 210 (1948).
Since plaintiff has alleged facts which if established would make the donation a radical nullity, the donation may be attacked by an interested party. Byrd v. Byrd, 230 La. 260, 88 So.2d 214 (1956); Taylor v. Spencer, 225 So.2d 98 (La.App. 2 Cir. 1969). The right to bring the action (contending for radical nullity) is not restricted to a particular category of heirs and may properly be brought by the succession representative. LSA-C.C.P. art. 685 expressly authorizes a representative to sue to enforce a right of the deceased or his succession. Strictly construed, if the act was null and of no effect, the property was never divested from decedent's estate. At least, this is what plaintiff is contending and he has a right of action to make that contention.
As to the exception of no right of action, the trial court judgment is set aside and the exception is overruled. Costs of this appeal are taxed to appellee.
Trial Court judgment set aside; case remanded.