382 So.2d 253 (1980)
Grace Brouillette ROY et al., Plaintiffs-Appellants,
v.
Hannon L. ROY, Sr., et al., Defendants-Appellees.
No. 7509.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1980.
*254 Riddle & Bennett, John T. Bennett, Marksville, for plaintiffs-appellants.
Contois & Johnson, Michael E. Johnson, Marksville, for defendants-appellees.
Before DOMENGEAUX, FORET and SWIFT, JJ.
*255 SWIFT, Judge.
On March 22, 1972, Wickliffe Roy, his wife, Eula Juneau, and their only three children (except one which died in infancy), Hannon, Eldon and Lennox Roy, signed an act purporting to be a conveyance to Lennox of a house and 20 acres of land in Avoyelles Parish, Louisiana, and also all rights of the sons to the estates of their parents at death. Mr. and Mrs. Wickliffe Roy reserved a usufruct in their favor for the duration of their natural lives. The instrument states that the parents received "no monies whatsoever . . ." and further,
"The heirs to be and or children of the said Mr and Mrs Wickliffe Roy does hereby convey any and all rights they now have, had, or may have in the above described property and each received the sum of $2000.00 cash, in advance if and when; their parents will pass from this life, and in case that the place is to be sold at a later date other then this sale, that is to some one else but the purchaser herein, both; the children that is Hannon Roy and Eldon Roy who have received $2000.00 each will then, have to return the $2000.00 each to; the purchaser Lenox Roy with 8% int from this date, as they will then and there divide the money in three efen and equal part, and this sale will become null aid void."
On January 6, 1976, a second act was executed wherein Wickliffe Roy purportedly conveyed to Lennox Roy the same property described in the 1972 deed for a recited consideration of " . . . $10,000.00 represented by $4000.00 worth of improvements placed on this property and $6,000.00 in cash . . ." In this instrument the vendor again reserved the usufruct in favor of himself and his wife, who also signed the instrument. It was witnessed by Hannon and Eldon Roy.
Neither of these two acts were recorded in the official records of Avoyelles Parish until May 15, 1978, some 11 days after the recordation of a third deed, dated May 3, 1978, whereby Mrs. Eula J. Roy, then the widow of Wickliffe Roy, purported to sell the same tract to Hannon Roy and the heirs of Eldon Roy, Jack Roy and Connie Roy Roszell.
The plaintiffs, Mrs. Grace B. Roy, Lennox Roy's widow, and his heirs filed this suit to have the third deed declared a nullity and stricken from the records. It was stipulated prior to trial that this transaction was a simulation and the trial judge ordered it stricken as a nullity. Therefore, that matter is not before this court.
The defendants, Hannon Roy, the heirs of Eldon Roy and the respective wife and husband of the heirs, filed an answer and reconventional demand seeking to annul and set aside both the 1972 and 1976 deeds as simulations and asking that the property be brought back into the succession of Wickliffe Roy. Alternatively, they assert the transactions were invalid donations in disguise.
The trial judge ordered the 1972 sale stricken from the records as a simulation without consideration and because the form of the instrument was fatally defective for a donation. He reached the same conclusions as to the 1976 act and also ordered it stricken.
The plaintiffs (defendants in reconvention) have appealed. We affirm in part and reverse in part.
We first consider whether or not the alleged act of sale of 1972 is a simulation. LSA-C.C. Article 2480 establishes a presumption that ". . . where the thing sold remains in the possession of the seller, because he has reserved to himself the usufruct . . . there is reason to presume that the sale is simulated, and with respect to third persons, the parties must produce proof that they are acting in good faith, and establish the reality of the sale." Forced heirs have the right to annul absolutely and by parol evidence, the simulated contracts of those from whom they inherit. LSA-C.C. Article 2239. Contracts prohibited by law as being against public policy are null ab initio and may be attacked through parol evidence by any interested party, including a party to the deed. Whitten v. *256 Whitten, 303 So.2d 238 (La.App. 2 Cir. 1974). Circumstantial evidence, as well as direct evidence, is acceptable in establishing a simulation where no consideration was paid even though the deed is in authentic form. Johnston v. Bearden, 127 So.2d 319 (La.App. 2 Cir. 1961).
As we have said, the 1972 instrument specifically states that the vendors received no money as consideration for the sale. Eldon and Hannon appear to have sold to Lennox for $2000.00 each their future rights in their parents' estates. However, this is prohibited by LSA-C.C. Article 1887,[1] and certainly cannot serve as valid consideration for any party to the act. Plaintiffs have produced no evidence to show any other consideration for the sale and, thus, have not borne their burden of proving the reality of the sale. We therefore conclude the transaction is invalid in this respect. Nor was it a valid donation, because under LSA-C.C. Article 1533, as it provided at that time,[2] a donation wherein the usufruct of the property is reserved by the donor was an absolute nullity. Byrd v. Byrd, 230 La. 260, 88 So.2d 214 (1956); Succession of Delaune, 138 So.2d 41 (La.App. 1 Cir. 1962); Whitten v. Whitten, supra. Further, the act does not reflect a true donative intent, as shown by the clause therein quoted hereinabove wherein Wickliffe Roy appears to have reserved the right to sell the property to a third party at some time in the future. We therefore agree with the trial judge that this was a simulated sale and it was properly stricken from the records.
Defendants also contend that the second act of sale executed in 1976 was a simulation. By this deed Wickliffe Roy conveyed to Lennox Roy the same property for a recited consideration of $10,000.00 represented by $4,000.00 of improvements placed on the property and $6000.00 cash.
Plaintiffs objected to the introduction of parol evidence to vary the terms of this authentic act, because, inter alia, Eldon and Hannon Roy were witnesses thereto and thereby "parties" to the transaction. In view of the conclusion we have reached as to the validity of the 1976 deed it is unnecessary for us to address this issue.
Defendants' contention that the act is a simulation because no consideration was paid was sustained by the trial judge. We agree that in actuality the recited $6000.00 cash was not paid. The record reveals that at the time of the transaction Wickliffe Roy and his three sons exchanged checks so that Lennox at one point handed his father a check from each son in the amount of $2,000.00. However, these were promptly returned to the drawers and never cashed. In fact, Lennox Roy did not pay any money in this maneuver.
There is substantial support though for the plaintiffs' claim that a number of improvements and repairs were made on the property by Lennox and his family during several years prior to the execution of the deed in 1976. In addition, they paid taxes and insurance premiums on the property. At the trial, the parties stipulated that the expenses for such improvements totaled over $2000.00 and Mrs. Lennox Roy said they also spent $5918.20 more. It is true that the plaintiffs received slightly less than $2,000.00 as the proceeds of a claim under a flood insurance policy covering the property. However, Mrs. Lennox Roy testified that $700.00 of that amount was returned to the other children and the balance was used for repairs and improvements to the property. Undoubtedly, the value of the property was restored or enhanced by such repairs and improvements. Jackson v. Jackson, 175 So.2d 360 (La.App. 2 Cir. 1965). It is well settled that if any consideration is *257 given for the conveyance, no matter how small, it is not a simulation. Quinn v. Stafford, 357 So.2d 628 (La.App. 1 Cir. 1978); Bell v. Bell, 339 So.2d 1333 (La.App. 3 Cir. 1976); Russell v. Culpepper, 344 So.2d 1372 (La.1977). We conclude that the services rendered and expenses incurred by the Lennox Roy family before the 1976 deed in repairing and improving the property constituted a valid consideration. Consequently, the sale was not simulated.
Alternatively, defendants contend that this transaction was a donation in disguise. Forced heirs may successfully attack a conveyance by their parent of immovable property if they can establish that no price has been paid or that at the time of the sale the price was below one-fourth of the real value of the immovable involved. LSA-C.C. Article 2444. No evidence was introduced as to the value of the subject property, except statements by two of the parties attacking the sale as to the amounts they might have paid for the property if it had been on the market and the title was clear. Neither party was qualified as an expert. Even bona fide offers to purchase are not admissible as evidence to establish value of property. Tennessee Gas Transmission Co. v. Violet Trapping Co., 200 So.2d 428 (La.App. 4 Cir. 1967). Therefore, we believe the trial judge erred in admitting in evidence the self-serving expressions of what these defendants may have been willing to pay for the property. Be that as it may, in our opinion such testimony was insufficient to establish the value of this property at the time of the 1976 sale. Therefore, we are unable to determine whether the price, in this case the costs of improvements and repairs, was below one-fourth the value of the property.
The defendants' contention that the 1976 sale should be set aside for lesion fails for the same reason.
Having found that a real consideration was given for the property conveyed by the 1976 act, it was a valid sale and the other attacks thereon asserted in this suit are without merit.
While we are reluctant to reverse the trial judge on this predominantly factual issue, from our careful review of the record and particularly the stipulation of the parties as to improvements to the property made by the plaintiffs-defendants in reconvention we must necessarily conclude his finding that there was no valuable consideration for the 1976 sale was clearly wrong.
Accordingly, we affirm the judgment of the trial court insofar as it decreed that the 1972 and 1978 acts were nullities and ordered them stricken from the records, and also as to the expert witness fees fixed therein. Otherwise, it is reversed and judgment is hereby rendered in favor of defendants in reconvention, Mrs. Grace B. Roy, Terry J. Roy, Sr., and Mrs. Wanda Roy King, and against plaintiffs in reconvention, Hannon L. Roy, Sr., Jack Roy, Jean Moreau Roy, Mrs. Connie Roy Roszell and Rodney Roszell, decreeing that the deed dated January 6, 1976, from Wickliffe Roy, et ux. to Lennox Roy, filed for record in Avoyelles Parish, Louisiana, as No. 293259, conveying the following described property:
"A certain parcel of land containing 20 acres, more or less, and being all of the property on the right side of the public road leading from Marksville to Brouillette Community in the 2nd Ward of the Parish of Avoyelles, Louisiana, and described as forming part of Section 25, T3N, R4E, on the right side or descending bank of Red River and called the old home place of Wickliffe Roy, together with all buildings and improvements thereon situated and belonging thereto, and described as being bounded on the North by lands now or formerly belonging to Deville, on the South by Sherman, and on the East by also Sherman, and on the West by the public road and/or Red River Levee."
is a valid sale, subject to the usufruct of Mrs. Eula Juneau Roy, and rejecting the demands of said plaintiffs in reconvention. All costs of this suit and appeal are assessed to the plaintiffs in reconvention.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
NOTES
[1] Future things may be the object of an obligation.

One cannot, however, renounce the succession of an estate not yet devolved, nor can any stipulation be made with regard to such a succession, even with the consent of him whose succession is in question.
[2] Prior to amendment by Act No. 210 of 1974 it read:

The donor is permitted to dispose, for the advantage of any other person, of the enjoyment or usufruct of the immovable property given, but can not reserve it for himself.